## BRUSH v. LEXINGTON–CHICAGO CO.

(Circuit Court of Appeals, Seventh Circuit. June 17, 1926.)

No. 3551.

Patents ⊕⇒328.

The Brush patent, No. 1,120,900, for motor vehicle frame, claim 11, *held* invalid for lack of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Alanson P. Brush against the Lexington-Chicago Company. Decree for defendant, and complainant appeals. Affirmed.

Lynn A. Williams, of Chicago, Ill., for appellant.

Frank Parker Davis, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. The District Court found claim 11 of Brush patent No. 1,120,900 invalid, not infringed, and anticipated. Claim 11, the only claim involved, is:

"In a motor vehicle frame, a side sill having a vertical web portion, a running board secured to the lower edge of said web portion, and an upturned end for said running board forming a brace connection to said web and a means of attachment for the wheel fender."

The discoveries, which led to the application for a patent, plaintiff testifies, were that the occasional flying open of automobile doors was due to a lateral weakness in the side pieces of the frame and that vibration and sometimes a cracking of the wide front fender could be prevented by shortening the fender and meeting it higher up by an upturned front end of the running board.

The patent's statement of its objects is nebulous, but the statement therein of how to construct the improvement is clear. To strengthen the side pieces of the frame, patentee omitted the lower flange of the channel bar, ordinarily used for such pieces, and then rigidly attached to the lower portion of the web the running board, as a flange, as shown in figure 4, thereby converting a U-shaped channel bar into a Z-shaped angle bar or iron. To give stability to the running board and provide a broader mounting for the broad fender, he shortened the fender and turned up the front end of the running board to a brace connection with the web of the side frame piece.

Rigid connection is shown in the drawing and specification, and is included as an ele-

ment in some of the claims, so as to make the side frame piece and the running board a unit, as shown in some of the claims; but claim 11 uses the words "a running board secured to the lower edge of said web portion." Those words do not import rigidity. We have made a careful study of the whole record and conclude that, without reading into claim 11 some of the elements of one or more of the 15 other claims of the patent, no object of the patent would be attained, and that claim 11 does not show invention.

The decree is affirmed.